UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00770-RJC

| Matthew W. Smith, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | <u>ORDER</u> |
| | ) | |
| Darrin L. Payne et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendants Darrin L. Payne, Felicia Payne, BRBRC Irrevocable Trust, DLP Tax & Accounting Services, Patricia Gambino, John Pitrelli, Old Dominion Settlements, Inc., and Old Dominion Law PLLC's Motion to Withdraw Reference pursuant to 28 U.S.C. § 157(d). (Doc. No. 1). For the reasons explained below, Defendants' Motion to Withdraw Reference is **DENIED**.

I. **BACKGROUND**

On February 15, 2018, debtor BK Racing, LLC commenced a voluntary chapter 11 bankruptcy case in the bankruptcy court for this district. (Case No. 18-30241, Doc. No. 1). BK Racing, LLC confirmed a chapter 11 plan of liquidation in February 2020. (Case No. 18-30241, Doc. No. 408). Plaintiff Matthew W. Smith,[1] as

---

[1] Plaintiff notes that due to debtor BK Racing, LLC's failure to file schedules and follow court orders, Plaintiff was appointed to serve as the debtor's trustee and later as the debtor's sole manager under the confirmed bankruptcy plan. In discharging his duties, Plaintiff sought discovery from the debtor's principal, Ronald Devine,

1

the sole manager for the reorganized debtor, then commenced several adversary proceedings. During the approximately six years that the bankruptcy court has spent administering the debtor's base bankruptcy case and related adversary proceedings, it has conducted four separate trials and several related hearings. (Doc. No. 2 at 4–5).

On August 30, 2023, Plaintiff filed a complaint against Defendants and FVCbank in this action. (Adv. Pro. No. 23-03030, Doc. No. 1). The causes of action raised include: (1) unfair and deceptive trade practices pursuant to N.C. Gen. Stat. § 75-1.1; (2) avoidance of actual fraudulent transfers pursuant to N.C. Gen. Stat. § 39-23.1 and/or Va. Code Ann. § 55.1-400; (3) avoidance of constructive fraudulent transfers pursuant to N.C. Gen. Stat. § 39-23.1 and/or Va. Code Ann. § 55.1-401; (4) claim for monetary sanctions and attorneys' fees pursuant to Va. Code Ann. § 55.1-403; (5) civil conspiracy; (6) aiding and abetting fraud/fraudulent transfers; (7) conversion; (8) stay violation pursuant to 11 U.S.C. § 362(k); and (9) turnover of property to the estate pursuant to 11 U.S.C. § 542. (*Id.* at 25–33).

On October 30, 2023, Defendants filed their respective answers and motions to dismiss asserting in part that the bankruptcy court lacks jurisdiction to enter a

---

concerning the debtor's financial condition. Plaintiff claims that despite the bankruptcy court's explicit command, Mr. Devine failed to disclose the existence of the BRBRC Irrevocable Trust, a defendant in the present action. Plaintiff claims to have uncovered the existence of the BRBRC Trust in documents he received from a third party in response to a subpoena served in the debtor's bankruptcy case. (Doc. No. 2 at 2–3 (citing Complaint, ¶¶ 6, 18–20, 36–109 ("Many of the allegations and claims in the complaint relate to the BRBRC Trust, its fraudulent purpose in assisting Mr. and Mrs. Devine in hiding assets from their creditors, and the Defendants' respective roles in what is defined as the 'Devine Asset Concealment Scheme.'"))).

2

final order, demanding a jury trial on all triable claims, and stating their lack of consent to a jury trial before the bankruptcy court. (Adv. Pro. No. 23-03030, Doc. Nos. 7–16). Defendants Darrin L. Payne, Felicia Payne, BRBRC Irrevocable Trust, DLP Tax & Accounting Services, Patricia Gambino, John Pitrelli, Old Dominion Settlements, Inc., and Old Dominion Law PLLC then filed a Motion to Withdraw Reference seeking to have the reference to the adversary proceeding withdrawn pursuant to 28 U.S.C. § 157(d). (Doc. No. 1).

## II. STANDARD OF REVIEW

Federal district courts have original jurisdiction over all bankruptcy matters and related proceedings. 28 U.S.C. § 1334(a), (b). 28 U.S.C. § 157(a) allows district courts to refer bankruptcy cases to the bankruptcy court, which by standing order, this district has done. *See In re Standing Order of Reference re Title 11*, No. 3:14-mc-00044 (Apr. 14, 2014) (citing 28 U.S.C. § 157(a)); *see also In re Adversary Proceedings in Bankruptcy Court*, No. 3:04-mc-00156, 2011 U.S. Dist. LEXIS 158125 (May 17, 2011). Bankruptcy courts are authorized to enter orders and judgments on all core bankruptcy matters and to submit proposed findings and recommendations to this Court on all non-core matters. 28 U.S.C. § 157(b)–(c).

28 U.S.C. § 157(d) empowers a district court to withdraw a proceeding from the bankruptcy court "on its own motion or on timely motion of any party, for cause shown." *Id.* § 157(d). In other contexts, withdrawal is mandatory. *See id.* ("The district court shall . . . withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of

3

the United States regulating organizations or activities affecting interstate commerce.").

"Permissive withdrawal of reference should be decided on a case-by-case basis by determining whether cause exists for the court to grant withdrawal." *Finley Grp. v. 222 S. Church St., LLC*, No. 3:15-cv-00029-FDW, 2015 U.S. Dist. LEXIS 27746, at *6–7 (W.D.N.C. Mar. 6, 2015). "While neither statute nor the Fourth Circuit have explicitly defined 'cause,' several district courts within the Fourth Circuit have consistently considered the following factors: (1) whether the proceeding is core or non-core; (2) the uniform administration of bankruptcy proceedings; (3) expediting the bankruptcy process and promoting judicial economy; (4) the efficient use of debtors' and creditors' resources; (5) the reduction of forum shopping; and (6) the preservation of the right to a jury trial." *Id.* at 7 (citations omitted); *see also In re U.S. Airways Group, Inc.*, 296 B.R. 673, 681–82 (E.D. Va. 2003).

### III. DISCUSSION

Defendants argue that this Court should exercise its discretion to withdraw the reference of Adversary Proceeding No. 23-03030. Defendants bear the burden of demonstrating cause for the Court to exercise its discretion and grant withdrawal. *Blue Cross & Blue Shield of N.C. v. Jemsek Clinic*, P.A., 506 B.R. 694, 697 (W.D.N.C. 2014). Having evaluated the parties' arguments and independently examined the relevant factors, the Court finds insufficient cause to withdraw the reference.

### 1. Core Versus Non-Core

The first factor is "whether the proceeding is core or non-core." *Finley Grp.*, 2015 U.S. Dist. LEXIS 27746, at *7. District courts in the Fourth Circuit have deemed this factor most important "since it is upon this issue that questions of efficiency and uniformity will turn." *Haigler v. Dozier*, No. 4:18-1888-MGL, 2019 U.S. Dist. LEXIS 36458, at *12–13 (D.S.C. Mar. 7, 2019) (citations omitted). Before the Supreme Court's decision in *Stern v. Marshall*, 564 U.S. 462 (2011), "the determination of whether a claim was core or non-core was as simple as looking to the list of core proceedings in 28 U.S.C. § 157(b)(2)." *Finley Grp.*, 2015 U.S. Dist. LEXIS 27746, at *7. "Any proceeding that was considered 'core' could be tried in a bankruptcy court." *Id.* (citing 28 U.S.C. § 157(b)(1)). But now, beyond determining whether a given claim is a core or non-core proceeding under 28 U.S.C. § 157(b)(2), a court must also consider whether "'the action at issue stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process.'" *ACC Retail Prop. Dev. & Acquisition Fund, LLC v. Bank of Am., N.A.*, No. 5:12-cv-361-BO, 2012 U.S. Dist. LEXIS 186666, at *7 (E.D.N.C. Sept. 27, 2012) (quoting *Stern*, 564 U.S. at 499).

The Court finds that the first factor weighs in favor of withdrawing the reference. Defendants argue that the crux of Plaintiff's complaint and the allegations contained therein are based on certain alleged fraudulent transfers. (Doc. No. 1 at 8). And Plaintiff does not dispute that the first factor "weighs slightly in favor of withdrawing the reference in this case because '[a]mong the matters

5

reserved to Article III courts are actions for fraudulent conveyance.'" (Doc. No. 2 at 6 (citing *Jenkins v. Ward*, No. 3:12-cv-851-RJC, 2013 U.S. Dist. LEXIS 128936, at *5 (W.D.N.C. Sept. 6, 2013))). Because Plaintiff's claims consist primarily of non-bankruptcy, state law causes of action, the Court finds that the first factor weighs in favor of withdrawal.

### 2. Remaining Factors

Application of the remaining factors, however, counsel against withdrawing the reference. The uniform administration of bankruptcy cases weighs in favor of retention. "There are two applicable standing orders that ensure that all like matters are treated consistently: one automatically refers all matters concerning a core bankruptcy matter to the bankruptcy court (*In re: Standing Order of Reference Re: Title 11*, 3:14-mc-44 (April 14, 2014), and the other refers all pre-trial proceedings in bankruptcy cases in which the parties have made a demand for jury trial (*In re: Adversary Proceedings in Bankruptcy Court*, 3:04-MC-156, 2011 U.S. Dist. LEXIS 158125 (April 28, 2011))." *Finley Grp. v. 222 S. Church St., LLC*, No. 3:15-cv-00029-FDW, 2015 U.S. Dist. LEXIS 27746, at *8 (W.D.N.C. Mar. 6, 2015).

These orders reflect a consensus within this district that all bankruptcy-related claims, including non-core ones, should remain before the bankruptcy court unless cause is shown for withdrawal or until they are ready for trial in a district court. Consistent with this district's standing orders, the Court finds that Plaintiff's claims should be referred to the bankruptcy court for all pre-trial proceedings until

6

cause is shown for withdrawal or until they are ready for trial before a district court.

Judicial economy and efficiency further favor retention in this case. The record demonstrates that the base bankruptcy proceeding has been pending for several years, and at this stage, the Court finds that the bankruptcy court is more familiar with the parties and factual makeup of this case. The Court observes that on September 13, 2024, following a hearing in which the parties agreed to mediate the case, the bankruptcy court directed the parties to personally attend a mediation to be conducted on September 26, 2024. (Adv. Pro. No. 23-03030, Doc. No. 60 at 2–3). On October 25, 2024, Plaintiff filed a motion before the bankruptcy court indicating that the mediation remains open as the parties continue to explore whether a settlement can be reached. (Adv. Pro. No. 23-03030, Doc. No. 72 at 2). The bankruptcy court is scheduled to hear from the parties regarding Plaintiff's motion on January 14, 2025. In the event that settlement is not reached, the Court notes multiple discovery motions remain pending before the bankruptcy court. (Adv. Pro. No. 23-03030, Doc. Nos. 43, 53). The Court finds that declining to withdraw the reference will not result in any additional delay or costs to the parties. And the Court concludes that pre-trial proceedings, including the referenced pending matters, will be addressed most efficiently in the court in which this action was brought.

Because nothing in the record suggests that withdrawing the reference would increase the likelihood of forum shopping in this case, the Court finds the fifth

7

factor inapplicable. Finally, Defendants claim that their lack of consent to the bankruptcy court conducting a jury trial in this matter constitutes cause to withdraw the reference. (Doc. No. 1 at 5–6). The Court disagrees: The existence of a jury demand in an adversary proceeding "does not mean that the bankruptcy court immediately loses jurisdiction of the entire matter or that the district court cannot delegate to the bankruptcy court the responsibility for supervising discovery, conducting pre-trial conferences, and other matters short of the jury selection and trial." *In re Stansbury Poplar Place, Inc.*, 13 F.3d 122, 128 (4th Cir. 1993); *see also Jemsek Clinic*, 506 B.R. 699. Despite Defendants' demand for a jury trial, there is no requirement that this Court withdraw the reference at this stage, and considerations of judicial economy and efficiency counsel against doing so. The Court, therefore, finds that Defendants' jury demand arguments in favor of withdrawal do not outweigh the efficiency that would be lost if the case were withdrawn at this stage.

### IV. CONCLUSION

Having evaluated the parties' arguments and independently examined the relevant factors, the Court **DENIES** Defendants' Motion to Withdraw Reference, (Doc. No. 1). The bankruptcy court will oversee all discovery matters and, if necessary, issue findings of fact and conclusions of law on any dispositive motions. The reference will be withdrawn once the case is ready for trial.

**IT IS, THERFORE, ORDERED** that:

1. Plaintiffs' Motion to Withdraw Reference, (Doc. No. 1), is **DENIED**.

2. The Clerk is directed to close this case.

Signed: January 6, 2025

Robert J. Conrad, Jr.
United States District Judge